**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-6839

_____

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

MICHAEL PARDEE,

        Respondent - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:08-hc-02032-FL-JG)

_____

Argued: May 15, 2013           Decided: July 2, 2013

_____

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** G. Alan DuBois, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael Gordon James, OFFICE OF THE UNITED STATES ATTORNEY, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer May-Parker, Assistant United States Attorney, Michael G. James, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a hearing, the district court found that Michael Pardee was a sexually dangerous person, as defined in the Adam Walsh Act, 18 U.S.C. § 4248, and ordered that he be committed to the custody of the Attorney General. On Pardee's appeal, we affirm.

I

In 1993, Pardee pleaded guilty in Washington State to a charge of child molestation and was sentenced to 68-months' imprisonment. While in state prison, Pardee completed an 18-month sex offender treatment program and, after his release, completed two years of outpatient treatment.

In 2002, Pardee pleaded guilty in the Eastern District of Washington to two counts of possession of child pornography and was sentenced to 37-months' imprisonment, plus three years supervised release. While in prison, Pardee participated in the sex offender treatment program for six months, but never finished the program. When he was released in September 2004, he returned to outpatient treatment, which he continued for 20 months.

On June 16, 2006, the district court revoked Pardee's supervised release because he used cocaine and alcohol and sentenced him to 24-months' imprisonment. Three days before

Pardee was to be released, the government certified him as a sexually dangerous person pursuant to 18 U.S.C. § 4248.

Pardee filed a motion on June 23, 2010, to dismiss the § 4248 proceedings, arguing (1) that § 4248 created an unconstitutional criminal commitment scheme; (2) that § 4248 violated due process by imposing the clear and convincing burden of proof on factual findings; and (3) that § 4248 violated equal protection by limiting its application to individuals in the custody of the Bureau of Prisons. The district court denied Pardee's motion and proceeded to a commitment hearing.

At the hearing, Pardee stipulated to the first two elements necessary for an order of commitment -- that he had previously engaged in sexually violent conduct or child molestation and that he suffers from a serious mental illness, abnormality, or disorder. See United States v. Comstock, 627 F.3d 513, 515-16 (4th Cir. 2010). He disputed, however, the third element -- that he would have serious difficulty in refraining from sexually violent conduct or child molestation if released. See id.

Three experts testified at the two-day hearing -- two for the government and one for Pardee. The government's experts, Dr. Jeffrey Davis and Dr. Manuel Gutierrez, testified that they believed that Pardee would indeed have serious difficulty in refraining from child molestation if released. Dr. Gutierrez

4

identified several risk factors that led him to his conclusion: (1) Pardee's "pattern of offending over a significant period of time"; (2) Pardee's "continuing to have fantasies about prepubescent children"; (3) Pardee's "intimacy deficits with same-age peers"; (4) Pardee's practice of "inserting himself into situations where he has access to children through families that he befriends"; (5) his "emotional identification with children"; (6) his impulsivity and pattern of substance abuse; (7) his association with "negative peers of negative influences"; and (8) the fact that Pardee would not have any conditions of supervised release. Dr. Davis testified similarly, noting that Pardee failed "in his ability to make use of the treatment information that he previously had and [failed] to appreciate the risks in which he placed himself for reoffense."

Pardee's expert, Dr. Luis Rosell, testified that in his opinion, Pardee would not have serious difficulty in refraining from child molestation if released, because, although he did engage in child pornography, he did not engage in any "hands-on offending" while on state parole or on supervised release.

The parties stipulated into evidence the experts' reports; documents relating to Pardee's participation in the sex offender treatment programs; documents establishing and relating to his 1993 conviction; documents establishing and relating to his 2002

5

conviction, including the presentence report; and documents relating to his 2006 supervised-release revocation.

The presentence report relating to Pardee's 2002 conviction and sentencing described the child pornography that was the subject of the offense. It also described evidence seized from Pardee's residence at the same time that the child pornography was seized, including three videos that Pardee had made at company picnics, in which Pardee focused the camera on blonde prepubescent females and pointed the camera down the fronts of their dresses to view their chests. While Pardee was given the opportunity to object to the 2002 presentence report, he objected only to the use, for purposes of his criminal history, of a 1993 driving-under-the-influence conviction.

The district court ruled on Pardee's commitment from the bench, finding that the government had proven by clear and convincing evidence that Pardee was sexually dangerous and should be committed under the Adam Walsh Act. The court focused on Pardee's lack of empathy toward victims and the ineffectiveness of his prior treatment. It noted that Pardee downloaded child pornography after he completed treatment, relying on his 2002 presentence report to describe the types of images that Pardee had possessed. The court also referenced one of the video tapes Pardee took at a company picnic as more evidence that treatment had not worked, noting that Pardee

6

placed himself in high-risk situations even after receiving treatment. The court concluded, "And with all of the history, with all of the issues, with all of the information available to me, I have come to this conclusion that [Pardee was] suffering still from this serious difficulty in refraining from sexually violent conduct or child molestation." The court memorialized its ruling in a written commitment order, dated April 27, 2012.

From that order, Pardee took this appeal.

## II

For his primary argument, Pardee contends that the district court erred when it considered and relied on the contents of the presentence report from his 2002 conviction for possession of child pornography. He makes his argument as follows:

> The primary factual dispute in this appeal involves the district court's acceptance of the factual allegations contained in Mr. Pardee's 2002 Presentence Report ("PSR"). . . . The PSR contained specific and detailed allegations about the content of child pornography that Mr. Pardee possessed. It also contained allegations about a video of a company picnic that Mr. Pardee filmed, alleging that this video unduly focused on young girls at the picnic. The government did not present independent evidence of these allegations [and] . . . Mr. Pardee had no opportunity to cross-examine any witnesses concerning the allegations in the PSR.

In short, Pardee argues that the 2002 presentence report was inadmissible hearsay and its admission denied him his right to

the confrontation of witnesses, as articulated in Crawford v. Washington, 541 U.S. 36 (2004).

Because Pardee did not object to the 2002 presentence report before the district court, we review its admission for plain error.  See United States v. Baptiste, 596 F.3d 214, 220 (4th Cir. 2010).

In 2002, after Pardee was charged with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5), he pleaded guilty, stipulating to the factual basis for the charges, including his acknowledgement of his 1993 conviction for first degree child molestation as relevant to aggravated sexual abuse involving a minor for sentencing purposes.  See 18 U.S.C. § 2252A(b)(2).  In connection with his sentencing, the probation office prepared a presentence report that described in some detail Pardee's offense conduct and the pornographic images that he possessed.  It also described three video tapes seized from Pardee's residence at the same time that the pornographic images were seized.  The report states that Pardee made the video tapes during employee picnics in 1999, 2000, and 2001 and describes that they were taken with the camera "pointed down the shirt" of blonde prepubescent females so as to reveal their chest areas. The report describes how Pardee's conduct at the picnics was further investigated by federal law enforcement officers and the evidence was then referred to state officials.

Pardee was given the opportunity to challenge the presentence report and have the court resolve any objections. His only challenge at that time, however, was to the computation of his criminal history by using a conviction for driving under the influence. He made no objection to the description of the video tapes seized from his residence.

The 2002 presentence report was an official document that was required to be prepared before sentencing and was required to be provided to Pardee, as well as the court, for purposes of sentencing. See 18 U.S.C. § 3552(a), (d); Fed. R. Crim. P. 32.

At the commitment hearing in this case, Pardee stipulated to the admission into evidence of the 2002 presentence report. Moreover, during the hearing, Pardee acknowledged, pursuant to questions put to him by his own counsel, that he took the videos "but never watched [them] again after I recorded [them]." He neither denied making the videos nor challenged the report's description of them. He only denied that he made the videos for any sexual purpose and explained that they also depicted other persons and events at the picnics.

In view of the fact that the presentence report was stipulated into evidence and used by Pardee at the hearing, it is curious that Pardee argues that he can now, for the first time on appeal, challenge its admissibility on grounds of

9

hearsay and denial of confrontational rights. We conclude that Pardee has waived these arguments.

Moreover, Pardee could hardly have had any basis to object to the report even had he made an objection at the commitment hearing. The report was an official document connected with Pardee's 2002 conviction and sentencing, that was created after Pardee had a right to object to it and have it changed in any way appropriate. It was required to be prepared and was used in the court's sentencing. It was surely admissible into evidence before the district court here as an official document. See Fed. R. Evid. 803(8).

Pardee's argument that he was denied the right to cross-examine witnesses about the 2002 presentence report would also have been unsupportable, had he raised it. First, Crawford, on which he relies, applies only to criminal cases, not to civil proceedings such as this. Second, he himself would be the best witness to describe his own video tapes and to correct any errors in their description.

Finally, aside from all these barriers, Pardee would have to demonstrate that the admission of the 2002 presentence report affected his substantial rights. But this too rings hollow. The issue before the district court was whether Pardee would have serious difficulty now in refraining from sexually violent conduct or child molestation if released. The 12-year old video

tapes could hardly be the centerpiece of the evidence necessary to make that determination. And the district court did not make it so, alluding to it only as an example of how Pardee did not learn from his participation in sex offender programs.

For all the reasons given, we reject Pardee's challenge to the admission and consideration of his 2002 presentence report.

                                    III

Pardee also mounts three constitutional challenges to the Adam Walsh Act, arguing that § 4248 creates an unconstitutional criminal proceeding; that § 4248 violates the Equal Protection Clause; and that § 4248 violates the Due Process Clause. But Pardee appropriately concedes that circuit precedent forecloses each of these claims. See United States v. Timms, 664 F.3d 436, 449, 454-55 (4th Cir. 2012); United States v. Comstock, 627 F.3d 513, 524-25 (4th cir. 2010). Accordingly, we need not address these challenges further.

For the foregoing reasons, we confirm the district court's order committing Pardee to the custody of the Attorney General.

                                                            AFFIRMED