**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-8107**

_____

UNITED STATES OF AMERICA,

                Petitioner – Appellee,

     v.

EARL WEBSTER COX,

                Respondent - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:11-hc-02137-H-JG)

_____

Submitted:  November 20, 2013    Decided:  December 19, 2013

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Bradley L. Henry, BREEDING, LODATO, & LENIHAN, LLC, Knoxville, Tennessee, for Appellant. Thomas G. Walker, United States Attorney, Rudy A. Renfer, Michael G. James, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises under the Adam Walsh Child Protection and Safety Act, 18 U.S.C.A. §§ 4247-4248 (West 2000 & Supp. 2013) (the Walsh Act). The Walsh Act "provides that individuals in the custody of the Bureau of Prisons (BOP) who are sexually dangerous may be committed civilly after the expiration of their federal prison sentences." United States v. Francis, 686 F.3d 265, 268 (4th Cir. 2012). Here, Earl W. Cox appeals the district court's order, following a hearing, committing him to the custody and care of the Attorney General pursuant to § 4248. We affirm.

I

Cox first claims that the district court erred in admitting into evidence a copy of his presentence investigation report (PSR) without affording Cox the opportunity to cross-examine witnesses about the factual accuracy of the report. Cox effectively contends that the PSR constituted inadmissible hearsay and its admission violated Crawford v. Washington, 541 U.S. 36 (2004). Because Cox did not raise this claim below, our review is for plain error. See United States v. Baptiste, 596 F.3d 214, 220 (4th Cir. 2010).

We recently rejected a similar argument in a case involving a commitment proceeding under the Walsh Act. In United States v. Pardee, __ F. App'x ___, 2013 WL 3316313 (4th

Cir. 2013), we found that the PSR was properly admitted under Fed. R. Evid. 803(8). We further rejected Pardee's claim that admission of the PSR violated Crawford because Crawford applies only to criminal cases, and a commitment proceeding under the Walsh Act is civil in nature. Id. at *4. Under this authority, we find no error in the admission of Cox's PSR.

II

Civil commitment under the Walsh Act is authorized only if the Government satisfies a three-pronged test. Under this test, the Government must establish by clear and convincing evidence that the individual:

> (1) previously engaged or attempted to engage in sexually violent conduct or child molestation (the prior conduct prong); (2) currently suffers from a serious mental illness, abnormality, or disorder (the serious mental illness prong); and (3) as a result of that mental condition, . . . would have serious difficulty in refraining from sexually violent conduct or child molestation if released (the volitional control prong).

United States v. Springer, 715 F.3d 535, 538 (4th Cir. 2013) (internal quotation marks omitted); see 18 U.S.C. § 4247(a)(5)-(6). "If the [G]overnment fails to meet its burden on any of the three prongs, an individual may not be committed." Springer, 715 F.3d at 538.

Cox concedes that the Government established the prior conduct and serious mental illness prongs but challenges the district court's finding that the Government met its burden with

3

respect to the volitional control prong. In particular, Cox complains that the district court did not meaningfully address evidence concerning his medical condition and his refraining from deviant behavior while incarcerated. In Cox's view, his medical issues and prison record constitute significant "protective factors" — factors which decrease the risk of future sexual offending — and should have been discussed in depth when the court analyzed the volitional control prong. We review the district court's factual findings for clear error and its legal conclusions de novo. Springer, 715 F.3d at 545.

In deciding that the Government had met its burden with respect to the volitional control prong, the district court credited the opinions of the three experts, who agreed that Cox would have serious difficulty refraining from child molestation. The district court discussed in detail each expert's reasons for reaching this conclusion. While it is true that the court devoted little or no discussion to Cox's medical impairments and record while incarcerated, a district court is not required to address every bit of evidence presented at a commitment hearing. United States v. Caporale, 701 F.3d 128, 141 (4th Cir. 2012). This is particularly so here, where there was no evidence contradicting expert testimony that neither Cox's limited mobility and other medical conditions nor his spotless prison record overcame overwhelming evidence that Cox met the

4

volitional control prong.  For instance, Dr. Plaud and Dr. Ross testified that Cox's medical issues would have no impact on the likelihood of his re-offending because his prior "hands-on" molestations did not involve chasing or "snatching" children and did not require much physical strength or stamina.  As for Cox's having refrained from deviant behavior while in prison, Dr. Ross stated that this had no impact on her conclusion as to the volitional control prong because, while incarcerated, Cox did not have access to his preferred victim pool (prepubescent females) or to child pornography.  We discern no error in the district court's finding that the Government established the volitional control prong by clear and convincing evidence.

III

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5