**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7133**

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

      v.

CHARLES TODD STOKES,

                Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-hc-02181-FL)

Submitted: July 10, 2020               Decided: September 2, 2020

Before KEENAN, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan Dubois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Joshua B. Royster, Assistant United States Attorney, Michael G. James, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Todd Stokes appeals the district court's order civilly committing him as a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), 18 U.S.C. §§ 4247-4248 (2018). Finding no reversible error, we affirm the district court's order.

I.

Stokes first contends that the district court erred by admitting into evidence a report prepared by Dr. Richard Carroll, contending its admission into evidence violated his right to due process because he could not confront Carroll. However, in the district court, Stokes did not object to the admission of Carroll's report on this basis. Therefore, we review for plain error.

To succeed on plain error review, Stokes "has the burden to show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). If Stokes makes this showing, "we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

In two unpublished decisions, we have said that the Confrontation Clause does not apply in a civil commitment hearing. *See United States v. Cox*, 549 F. App'x 169, 170 (4th Cir. 2013) (No. 12-8107); *United States v. Pardee*, 531 F. App'x 383, 387 (4th Cir. 2013) (No. 12-6839). Stokes cites no binding authority to the contrary. Therefore, any error was not plain. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum,

2

courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (brackets and internal quotation marks omitted)); *United States v. Garcia-Lagunas*, 835 F.3d 479, 496 (4th Cir. 2016) (noting that unpublished Fourth Circuit case contradicting appellant's argument "suggests that even if the district court erred, such error was not plain").

## II.

Stokes presents two arguments as to why the district court erred in finding that he met the criteria for commitment. First, he claims that the district court impermissibly placed the burden of proof on him by discrediting his testimony and finding the opposite of his testimony to be true. Second, Stokes contends that the district court placed undue weight on his past conduct.

In order to civilly commit Stokes under the Adam Walsh Act, the Government was required to prove that Stokes: (1) previously "engaged or attempted to engage in child molestation"; (2) currently "suffers from a serious mental illness, abnormality, or disorder"; and (3) "as a result of the illness, abnormality, or disorder, [he] would have serious difficulty in refraining from child molestation if released." *United States v. Bolander*, 722 F.3d 199, 206 (4th Cir. 2013) (alterations and internal quotation marks omitted). On appeal, "we review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Bell*, 884 F.3d 500, 507 (4th Cir. 2018). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bolander*, 722 F.3d at 206 (internal quotation marks omitted). "If the

3

district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (internal quotation marks omitted).

We conclude that the district court did not impermissibly shift the burden of proof to Stokes. The Supreme Court has held that a jury as factfinder is "entitled to consider whatever it concluded to be perjured testimony as affirmative evidence of guilt." *Wright v. West*, 505 U.S. 277, 296 (1992); *see also United States v. Burgos*, 94 F.3d 849, 867 (4th Cir. 1996) ("Relating implausible, conflicting tales to the jury can be rationally viewed as further circumstantial evidence indicating guilt."). The district court's adverse credibility determination here is amply supported by the record. *See Bell*, 884 F.3d at 507 (recognizing "when a district court's findings of fact are based on credibility determinations, we accord even greater deference to the trial court's findings" (internal quotation marks omitted)). Stokes repeatedly attempted to lie, obfuscate, or minimize his offense conduct. Once the district court discredited Stokes' testimony, the district court appropriately rejected the opinions of those experts who had relied on Stokes' own account of his history. *See id.* at 508 ("Evaluating the credibility of experts and the value of their opinions is a function best committed to the district courts, and one to which appellate courts must defer." (internal quotation marks omitted)).

We further conclude that the district court did not place undue weight on Stokes' past offense conduct. In conducting the volitional control analysis required under the Adam Walsh Act, an offender's "prior crimes may well be a historical factor, but it is by

4

no means a stale or irrelevant one. When the question is whether an inmate suffering from pedophilia will have serious difficulty refraining from re-offending if released, consideration of the nature of his prior crimes provides a critical part of the answer." *United States v. Wooden*, 693 F.3d 440, 458 (4th Cir. 2012). However, "the core question is whether the government has presented sufficient evidence of an *ongoing volitional impairment* that renders the person sexually dangerous to others." *Bell*, 884 F.3d at 508 (internal quotation marks omitted). A district court should consider "the offender's age, his actuarial test scores, his participation in treatment, his commitment to controlling his deviant behavior, and his ability to control his impulses." *Id.* Also relevant are an "individual's resistance to treatment, continuing deviant sexual thoughts, and cognitive distortions and thinking errors about the appropriateness of children as sexual partners." *Id.* (internal quotation marks omitted).

Here, while the district court focused heavily on Stokes' past offense conduct, its thorough opinion shows that it considered all of these factors in reaching its decision. First, not only was Stokes' past conduct relevant, it was abhorrent with numerous documented incidents of sexual abuse. And, most importantly, Stokes moved to Thailand to avoid the restrictions imposed by a previous term of probation. The court also considered the actuarial assessments, which showed that Stokes was at an above-average risk of reoffending. Stokes previously refused sex offender treatment and had informed both his stepmother and a Federal Bureau of Prisons psychologist of his resistance to such treatment and supervision. Moreover, Stokes' continued minimization of his offense conduct indicates that he has not internalized the wrongfulness of his conduct. Finally, the fact that

Stokes has been imprisoned for over 15 years does not demonstrate volitional control. *See id.* at 509-10 (concluding 18-year gap from last contact sex offense and 10-year gap between two other sex offenses did not establish volitional control).

## III.

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*